UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:18-cr-00009-DAD-BAM |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| MARTEL MORENO-GARCIA, | (Doc. No. 31) |
| Defendant. | |

Before the court is defendant Martel Moreno-Garcia's motion to dismiss the indictment brought against him and in which he is charged with being a deported alien found in the United States in violation of 8 U.S.C § 1326(a) and (b)(2). (Doc. No. 31.) A hearing on the motion was held on March 25, 2019. Assistant U.S. Attorney Laura Withers appeared on behalf of the government, and Assistant Federal Defender Peggy Sasso appeared on behalf of defendant. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will grant defendant's motion to dismiss.

As noted, defendant is charged with illegal reentry following removal in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. No. 1.) Defendant's removal proceedings began after he pled guilty to one count of violating Indiana Criminal Code § 35-48-4-10(b)(1)(B) proscribing the manufacturing, financing or delivery of more than thirty grams of marijuana but less than ten pounds of marijuana, a class D felony. (Doc. No. 31 at 11.) Following his entry of guilty plea to

1

that charge in Indiana state court, defendant was sentenced to two years in custody but was taken into immigration custody shortly thereafter. (*Id.*) At defendant's removal proceedings, the immigration judge found that defendant was removable on the basis of a prior conviction for an aggravated felony and a prior conviction related to a controlled substance. (Doc. No. 31-1 at 25.) Defendant appealed the decision to the Board of Immigration Appeal, contending that he was not removable on the basis that he had been convicted of an aggravated felony. (Doc. No. 31-2 at 40.) The Board, however, upheld the immigration judges' decision. (*Id.*) Defendant was removed to Mexico on June 17, 2011. (*Id.* at 42.) He returned to the United States and was subsequently indicted in this action, being charged with having been removed from the United States in 2011 after being convicted of a crime punishable by a term of imprisonment exceeding one year (i.e. the Indiana conviction) and thereafter was found in the Eastern District of California on May 15, 2017 without obtaining the requisite permission to do so in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. Nos. 1; 31 at 12.)

     Defendant has moved to dismiss the government's indictment, arguing that his 2011 order of removal was issued in violation of his due process rights. (Doc. No. 31.) Specifically, defendant contends that at that time he was eligible for voluntary departure under 8 U.S.C. § 1229(c) and the immigration judge failed to advise him of his eligibility due to the judge's erroneous belief that defendant's Indiana conviction was an aggravated felony. (*Id.* at 8.) Defendant argues that his prior conviction cannot qualify as an aggravated felony because the Indiana statute, on its face, is wider in breadth in defining principal and accomplice liability than its federal analogue. (*Id.* at 18.) Because his state conviction was not an aggravated offense, defendant argues that the immigration judge's failure to advise him of his eligibility for relief is a due process violation that satisfies the first two requirements—exhausting of administrative remedies and deprivation of the opportunity for judicial review— of his collateral attack on his 2011 removal order under 8 U.S.C. § 1326(d). (*Id.* at 19.) To satisfy the third and final prong of 8 U.S.C. § 1326(d) and succeed in his collateral attack, defendant argues that, his 2011 removal order was fundamentally unfair and caused him to suffer prejudice because, had his Indiana conviction not been qualified as an aggravated felony, it is plausible that an immigration judge

would have granted him voluntary departure. (*Id.* at 20–22.)

The government responds that defendant was not entitled to any discretionary relief from deportation because his Indiana conviction qualifies as an aggravated felony. (Doc. No. 32 at 1.) Although defendant argues that the state statute defines aiding and abetting more broadly than federal law, the government contends that defendant has not met his burden to show that Indiana's aiding and abetting statute is "special" and falls outside the generic definition under federal law, thereby qualifying it as an aggravated felony. (*Id.* at 6–7.) Thus, the government argues that the defendant cannot show a due process violation or resulting prejudice necessary to support a collateral attack on his 2011 removal order. (*Id.* at 7.) Under binding Ninth Circuit precedent, the government's arguments in this regard must be rejected.

In *United States v. Valdivia-Flores*, the Ninth Circuit applied a straightforward categorical analysis to determine whether a defendant's prior conviction for violating a Washington state statute qualified as an aggravated felony. 876 F.3d 1201, 1206 (9th Cir. 2017). Under that categorical approach the Ninth Circuit instructed, "we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Id.* (quoting *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2017.)). Based on the clear language of the statute at issue in that case, the Ninth Circuit held that the Washington drug trafficking law, on its face, had a more inclusive *mens rea* requirement for accomplice liability than its federal analogue. *Id.* at 1207. Because the statute was overbroad compared to its federal analogue, the Ninth Circuit concluded that the defendant's conviction for violating that statute could not support an aggravated felony determination. *Id.* at 1209.

While not absolutely identical, the language of the Washington aiding and abetting statute analyzed by the Ninth Circuit in *Valdivia-Flores* is substantially similar to the language of the

/////

/////

/////

/////

3

Indiana aiding and abetting statute at issue here.[1]  Just as is the case with the Washington state statute at issue in *Valdivia-Flores*, the Indiana statute's language "explicitly defines a crime more broadly than the generic definition, [and] no 'legal imagination' is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *Valdivia-Flores*, 876 F.3d at 1208 (quoting *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007)).  Because the Indiana statute is clear on its face, there is no need to examine Indiana case law, as the government suggests, to determine whether in application or practice accomplice liability under the Indiana statute differs from federal accomplice liability.  The Indiana statute, on its face, creates a distinction and defines accomplice liability more broadly than federal law.  Accordingly, the court is bound by the reasoning of the Ninth Circuit in *Valdivia-Flores* to conclude that defendant's prior conviction of violating the Indiana statute is not an aggravated felony.  *See also United States* v. *Franklin*, 904 F.3d 793, 798 (9th Cir. 2018) (In finding that the same Washington statute was not categorically a serious drug offense under ACCA, the court observed: "*Valdivia-Flores* cuts our path here.  In that case, we reiterated that accomplice liability is woven into the fabric of all generic crimes.  We looked to federal criminal law's concept of accomplice liability—including the required intent *mens rea*—to sketch the contours of a generic drug trafficking crime. And we held that it is possible to violate the Washington statute as an accomplice with knowledge but not intent concerning the perpetrator's criminal activity.") (citations omitted), Pet. for Cert. filed (No. 18-1131) Feb. 28, 2019.

      Because Moreno-Garcia's drug trafficking conviction does not qualify as an aggravated felony under the governing categorical approach, it cannot serve as the basis for defendant's removal.  Defendant Moreno-Garcia's 2011 removal order was fundamentally unfair and caused defendant to suffer prejudice because, had his Indiana conviction not been erroneously characterized as an aggravated felony by the immigration court, it is clearly plausible that he

---

[1] Defendant contends, and the government has not disputed, that Washington and Indiana are in a distinct minority of states whose criminal code provides that a conviction premised on accomplice liability will be sustained on proof merely that when the defendant acted he knew he was aiding in the commission of a crime but may not have acted with the intent or purpose of facilitating the crime in question.  (Doc. No. 34 at 7.)

would have been granted a voluntary departure.  Defendant thereby meets the three requirements for the collateral attack on his 2011 removal order under 8 U.S.C. § 1326(d).  Accordingly, defendant's motion to dismiss the indictment charging defendant with being a deported alien found in the United States in violation of 8 U.S.C § 1326(a) and (b)(2) (Doc. No. 31) is granted.

IT IS SO ORDERED.

Dated: **April 5, 2019**

_____
UNITED STATES DISTRICT JUDGE